Leonardo García-Suárez, Plaintiff and Appellant, *v.* Heirs
    of Emilio de Mazarredo y López de Araujo, represented
    by executors Monserrate Maysonet and José Ramírez,
    Defendants. — Fortuna Mazarredo, heir of Emilio de
    Mazarredo, Defendant and Appellee.

No. 3435. Argued March 4, 1925.—Decided June 4, 1925.

1. Appeal—Notice—Notice of Appeal—Adverse Party.—The burden is on the
    party who moves for dismissal of an appeal to show that a party who was
    not served with notice of the appeal is an adverse party. In this case it
    was not proved that the executors, who were defendants originally and were
    not given notice of the motion of nullity on which the appeal is based, were
    adverse parties.
2. Id.—Id.—Motion—Hearing—Discretion of Court—Meritorious Cases.—Al-
    though the statutes requiring that at least five days' notice shall be given
    of the settings of motions for hearing are merely directory and the courts
    may and should exercise their discretion in setting hearings within a shorter
    time, they should do so only in meritorious cases.
3. Id.—Id.—Id.—Reconsideration.—The fact that a motion for reconsideration
    has been filed does not affect the right of appeal.

District Court of Aguadilla, Tomás Bryan, J.   Order setting aside
    the summons, the entry of default, the judgment and the sale
    thereunder.   *Reversed and remanded.*
*Buenaventura Esteves* and *Arturo Reichard* for the appellant.   *José
    Sabater* for the appellee.   *Eduardo Acuña, amicus curiae.*

Mr. Chief Justice Del Toro delivered the opinion of the
    court.

On March 20, 1924, Fortuna Mazarredo entered appear-
ance in this action, which had been terminated by judgment
on July 9, 1912, and filed a motion to set aside the sum-
mons, the entry of default, the judgment and the sale made
thereunder.

The court set the 24th of March, 1924, for hearing the
motion and the transcript of the evidence shows that on
that day the following occurred:

"Attorney Buenaventura Esteves, representing the plaintiff, 'filed
a motion to adjourn the hearing until the next Monday or any other
day for the reasons stated in the said motion.   The defendant ob-
jected, alleging that the grounds of the motion were erroneous.

"Judge.—The court overrules the motion for the reason that the

same section 317 provides, among other things, that the court may prescribe a shorter time.

"Plaintiff.—We wish to announce that we are not prepared to argue the motion set for today, and ask permission to retire.

"Judge.—The court holds that the party can not plead surprise in a case of this kind, for he is a plaintiff who is acquainted with all of the proceedings in the suit and for that reason the court does not authorize the attorney to retire from the case.

"Plaintiff.—I wish to say that this suit, according to the record, was begun in 1912, or six years before I was admitted to the bar; therefore, the court should take into consideration that the argument goes to a question of law of which the attorneys and not the parties have knowledge; that when this action was brought and for six years thereafter I was not an attorney, and that I have never been attorney of record in this case until today when García asked me to take charge of his case not for the purpose of arguing the motion, but for the purpose of filing a motion to postpone the hearing.

"Judge.—Then tell your client that you have performed your contract so that he may engage another attorney.

"Plaintiff.—Aside from this I want it to appear of record that we take exception to the action of the court in overruling our motion, and also to the ruling of the court refusing to allow me to retire, inasmuch as I have no argument and no weapon with which to enter into a legal controversy with my colleague."

The hearing was held under these circumstances and on March 28, 1924, the court set aside the proceedings as moved for and ordered that a new summons be issued.

On April 4th the plaintiff moved for a reconsideration of the order of March 28th and on the same day the court refused to change its decision, but granted the plaintiff five days within which to answer the motion of Fortuna Mazarredo, stating that then it would hear the parties and decide whether the order should be reconsidered.

On April 8, 1924, the plaintiff filed a notice of appeal and the transcript was seasonably sent up to the secretary of this court.

Fortuna Mazarredo moved to dismiss the appeal on the grounds that the evidence had not been duly certified and

that no notice of appeal was given to the adverse parties. The motion for dismissal was overruled as to its first ground and consideration of its second ground was suspended until the case should be submitted on its merits, as it was on March 4, 1925.

[1] The appellee contends that this court has not acquired jurisdiction because no notice of the appeal was given to the testamentary executors of Emilio Mazarredo, who were the defendants in the suit. The appellant alleges that Fortuna Mazarredo contended in her motion of nullity that Monserrate Maisonet and José Ramírez were not executors of Emilio Mazarredo and had no authority to represent the defendant heirs, for which reason notice of the motion was not given to the said Maisonet and Ramírez, bringing into the controversy only the plaintiff in the suit, and that such being the case, she is not in a position to move for dismissal of the appeal because the appellant failed to do what she herself had not done in beginning the controversy.

The appellant, in our opinion, is right. Apart from whether Monserrate Maisonet and José Ramírez were necessary parties when the action was brought, the fact is that when more than twelve years after the judgment had been rendered Fortuna Mazarredo sought to have it set aside she gave notice of her motion to the plaintiff only, and when the plaintiff asks the Supreme Court to review the action of the district court in the action so begun and prosecuted it would be unjust to deny a review because no notice was given to persons who in fact had no participation in the controversy.

Although the motion of nullity was filed in the suit, it is in fact a separate proceeding in which Fortuna Mazarredo did not make the said executors parties. We do not know whether after the lapse of so many years the said executors are alive or could act as such. In arguing the merits of the matter the appellee herself cites section 878

of the Civil Code to maintain that the executorship should last only one year, unless the term had been extended by the testator, and then says: "The heirs did not extend the time; there are no testamentary letters; they have not accepted the office, and there is no proceeding to extend the one year term of the executorship."

Under such circumstances we are inclined to hold that the said executors are not necessary parties to this appeal, especially as the appellee has cited no jurisprudence to the contrary. "In other words, the 'adverse party' upon whom a notice of appeal is to be served is the party who appears by the record to be adverse, and the burden is on the party moving to dismiss the appeal to show from the record that a party not served was adverse. The record to be considered for this purpose is the record of the proceedings in which the appeal is taken." 2 Cal. Jur. 335.

[2] The appellant assigns in his brief several errors in support of a reversal of the order appealed from. It will be necessary to consider only the first.

The motion of nullity was filed on March 20, 1924. The hearing was set for four days thereafter. The importance of the motion is evident. If there were no written law on the matter, the best practice would be to give the parties sufficient time to prepare their defense. The reasons given by the plaintiff's attorney for the postponement of the hearing are so logical and convincing that it is almost inconceivable that they were not heeded in the serene atmosphere peculiar to the courts of justice.

But there is a written law covering the matter. Section 317 of the Code of Civil Procedure provides positively that notice of every motion shall be given five days before the time set for its hearing. And another act subsequent to the Code (Laws of 1917, p. 18), in referring to the special calendar of cases in the district courts, prescribes a similar notice of five days before the hearing. And although it might be concluded that such rules are merely directory and

that the courts may and should exercise their discretion in making settings within a shorter time, it is necessary to recognize that they are the standard fixed by the Legislature and can be departed from only in really meritorious cases. We have already seen that the present case is not of· that category.

[3] What bearing can the motion for reconsideration and the ruling thereon have on this appeal? None, in our opinion. The practice of moving the trial court for a reconsideration is commendable. Often an immediate result is obtained, thereby avoiding an appeal. As a general rule a reconsideration should be moved for before resorting to an extraordinary remedy, but when the ordinary remedy of appeal is exercised it is not indispensable. The party could desist, as was done. In point of fact we have before us for consideration only the order of March 24, 1924, and not that of April 4, 1924.

The error committed by the district court in not allowing the plaintiff sufficient time to prepare and submit his defenses being evident, the order appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.